(No. 42586.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JIMMIE D. BOWMAN, Appellant.

*Opinion filed October 1, 1973.*

ROBERT E. FARRELL, Illinois Defender Project, of Mt. Vernon, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT J. NEELY, State's Attorney, of Metropolis (JAMES B. ZAGEL and RAYMOND Mc-KOSKI, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

On May 29, 1968, Jimmie D. Bowman pleaded guilty to a charge of forgery in the circuit court of Massac County and was sentenced to serve from one to three years in the penitentiary. He filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) on September 26, 1968, in the circuit court of Massac County, claiming substantially that his guilty plea had been coerced, that he had not been informed of his right to remain silent and of his right to legal counsel, that the indictment was faulty, and that his appointed counsel had been incompetent. The circuit court appointed an attorney to represent the petitioner, and after a hearing the petition was denied. He has appealed to this court alleging now that his counsel on the post-conviction petition inadequately represented him and that the failure of the court reporter to file a transcript of the hearing on the petition has seriously prejudiced his rights, since he cannot, by use of the transcript, demonstrate the inadequacy of the representation.

Affidavits filed in the circuit court have been made a supplemental record on appeal by the respondent. One of the affidavits was filed by the court reporter at the hearing, in which she states that she misplaced or lost the notes she took before they were transcribed and that she has been unable to locate them. This record also contains an affidavit entitled "Affidavit Concerning Statement of Facts" given by the State's Attorney and the attorney who represented the petitioner at the post-conviction hearing. It was prepared by them when the petitioner's present counsel advised them that the reporter's notes had been misplaced or lost. While the petitioner "does not join in nor accept" the latter affidavit, he does not dispute the accuracy of the statements in it.

In support of his claim of inadequate representation on the post-conviction petition the petitioner argues that his *pro se* petition was not amended by his attorney and says that such amendment was contemplated by this court's expression in *People v. Slaughter, 39 Ill.2d 278,* at 285.

As is obvious, however, our referred-to statement in *Slaughter* has not and cannot be read to establish a requirement that counsel appointed to represent a petitioner in a post-conviction proceeding must in every case amend a *pro se* petition. In *People v. Stovall, 47 Ill.2d 42, 46,* we observed: "Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief. *Cf. People v. Smith, 40 Ill.2d 562; People v. Gendron, 41 Ill.2d 518.*"

The petitioner makes no complaint in his argument beyond saying that the attorney was derelict in not amending the petition. He does not claim any omission of significant facts in the petition nor does he allege why or how the petition should have been amended.

There is no showing here of any professional in-
adequacy of the attorney who handled the post-conviction
petition. He wrote twice to the petitioner, informing him
of the status of the case and asking for the names and
addresses of witnesses who might have information to
prove the matters set out in the petition. The charges of
the petition were: that the guilty plea was coerced by
threats of the sheriff's deputies and the State's Attorney;
that the petitioner was not afforded proper warnings that
he had a right to remain silent and to have an attorney
represent him; that he was held in the county jail an
unreasonably long period of time prior to arraignment;
that the indictment charging him was faulty; and that his
court-appointed attorney was incompetent. Counsel sub-
poenaed the State's Attorney, the sheriff, and the two
deputy sheriffs whose names he had been given by the
petitioner. He petitioned for and secured a writ of *habeas
corpus ad testificandum* to have the petitioner present at
the hearing. The affidavit in the record given by the
attorney shows that he consulted twice in person with the
petitioner on the day before the hearing and that he had
conferences with the State's Attorney and the trial judge.
It sets out further that during the three-hour hearing the
petitioner testified and so did the court-appointed attor-
ney who had represented him at the proceeding where he
entered his plea. It is shown that on cross-examination the
petitioner admitted committing the offense with which he
had been charged, and that the allegations of the petition
were denied or refuted by the evidence presented at the
hearing.

The order entered by the trial court after the hearing
reflects that the grievances set out in the petition had been
presented and considered. The order, *inter alia,* found that
the petitioner's plea of guilty had been free and voluntary
and had not been the product of "ignorance, fear and
inadvertence"; that the petitioner admitted at the hearing
having issued the forged check; that the indictment was

not defective; that the petitioner's detention was not a violation of due process and he had not been coerced during the time of detention; that the attorney who had represented the petitioner on the charge of forgery had done so competently and that the question of the petitioner's having been properly warned as to his right to counsel and to be silent was not involved, as no confession or admission was given.

The petitioner's contention that because the court reporter did not provide a transcript of proceedings he has been seriously prejudiced is based on a comment made in *People v. Dean, 28 Ill.2d 403, 405.* It was said: "A report of the proceedings at the trial has not been made a part of the record before us and this contention [that counsel is incompetent] cannot therefore be reviewed."

The contention fails to consider that the record which is before us has been plainly adequate to permit a review of the question here of the adequacy of representation. The petitioner does not claim that what is before us is inaccurate. He did not under our Rule 329 challenge the record's accuracy or claim that "the record is insufficient to present fully and fairly the questions involved ***." 50 Ill.2d R. 329.

For the reasons given, the judgment of the circuit court of Massac County is affirmed.

*Judgment affirmed.*