The People of the State of Illinois, Respondent-Appellee, *v.* Joseph M. Wolfe, Petitioner-Appellant.

(No. 59042; ▮▮▮▮▮▮▮)

First District (3rd Division)—April 3, 1975.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant pleaded guilty to six indictments—four for armed robbery and two for attempted armed robbery—and was sentenced to concurrent sentences of 6 to 10 years in the penitentiary. He subsequently filed a pro se post-conviction petition alleging that his constitutional rights were violated in that he was not fully aware of his rights concerning his arrest and trial, and his guilty plea was entered in ignorance; cruel and inhuman methods were used when he was arrested to obtain information on the charges; he was denied the right of having an attorney present during questioning and his arrest was illegal because he was entrapped.

The public defender who was appointed to represent the defendant filed a certificate of compliance with Supreme Court Rule 651(c) (Ill.

Rev. Stat. 1971, ch. 110A, par. 651(c)). The certificate stated that he had consulted with the defendant by mail on several occasions, had examined the record of proceedings and was of the belief that the defendant's pro se petition adequately and fully reflected all the constitutional claims which could be raised under the Post-Conviction Hearing Act. The State filed a motion to dismiss which asserted that the petition did not raise any constitutional questions within the purview of the Act and that any allegations in the petition which might be broadly construed as raising such questions were merely conclusory and were insufficient to require an evidentiary hearing.

At the hearing on the motion to dismiss, the defendant's counsel outlined the allegations in the petition, informed the court of his compliance with Rule 651 and filed his certificate. He stated that in his opinion the trial court had followed Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) in detail before accepting the defendant's guilty plea. The prosecutor responded that there was nothing to add, and the petition was dismissed.

The defendant admits that the allegations of his pro se petition were "vague and conclusory with absolutely no factual support," but he argues that his appointed counsel should have amended the petition and, not having done so, the legal assistance rendered him was meaningless and thus he was denied effective assistance of counsel.

The defendant's principal reliance is upon *People v. Slaughter* (1968), 39 Ill.2d 278, 235 N.E.2d 566. In *Slaughter* a defendant who filed a pro se petition established that his appointed counsel neither consulted with him nor amended a petition that was susceptible of amendment. The court held that the defendant was denied adequate legal representation.

■■ Not every post-conviction petition can be amended so as to avoid its legal defects. The failure to amend does not of itself prove inadequate or incompetent representation. (*People v. Goodwin* (1972), 5 Ill.App.3d 1091, 284 N.E.2d 430.) There must be a showing that the petition could be amended to state a case on which post-conviction relief could be granted. *People v. Stovall* (1970), 47 Ill.2d 42, 264 N.E.2d 174.

In this appeal it is asserted that the defendant's petition suggested a possible constitutional violation: that he was "* * * not fully aware of his rights concerning the laws surrounding his arrest and trial, the guilty plea was entered in ignorance." There is no showing in this appeal and no indication in the record that there are facts which would warrant an amendment. Where there are insufficient facts an attorney cannot be blamed for not bolstering an inadequate or unfounded petition. *People v. Bowman* (1973), 55 Ill.2d 138, 302 N.E.2d 318.

■■ The record discloses that the defendant was fully informed of his rights and the consequences of his guilty pleas. He was questioned whether any threats or inducements had been made to him and he was asked whether any promises had been given to him aside from the representations made in his sentence negotiations; he answered "no" to both inquiries. The court ascertained that there was a factual basis for his plea to each of the six offenses before entering judgment. There is just no substance to the intimation that the defendant's guilty plea was entered "in ignorance."

The other allegations of the petition raised no constitutional issues within the scope of the Post-Conviction Hearing Act. A voluntary plea of guilty waives all nonjurisdictional errors. (*People v. Brown* (1969), 41 Ill.2d 503, 244 N.E.2d 159.) Under these circumstances the decision of the public defender to stand on the pro se petition does not demonstrate inadequate assistance of counsel. The judgment is affirmed.

Affirmed.

McNAMARA and MEJDA, JJ., concur.