NO. 4-00-0627

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Macon County

SOLOMON L. LEDBETTER, ) No. 97CF428

Defendant-Appellant. )

) Honorable

) Jerry L. Patton,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

On March 15, 1999, a jury convicted defendant, Solomon L. Ledbetter, of retail theft (subsequent offense) (720 ILCS 5/16A-10(2) (West 1998)); and in August 1999, the trial court sentenced to an extended-term sentence of 4 years in prison for stealing less than $10 worth of cold medicine.  This court affirmed his conviction and sentence on direct appeal in an unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23).  
People v. Ledbetter
, No. 4-99-0943 (April 16, 2001) (unpublished order under Supreme Court Rule 23), 
appeal
 
denied
, 195 Ill. 2d 588, 755 N.E.2d 480 (2001).

On May 19, 2000, defendant filed a petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8(West 2000)).  In an order dated June 8, 2000, the trial court summarily dismissed defendant's postcon-viction petition as "frivolous and/or patently without merit."  See 725 ILCS 5/122-2.1(2) (West 2000).  Defendant appeals this order.  We reverse and remand.  

To survive summary dismissal, a postconviction petition need only present a "gist" of a constitutional claim.  
People v. Edwards
, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).  The "gist" standard is a low threshold, needing only a limited amount of detail and not requiring legal arguments or citations to legal authority.  
Edwards
, 197 Ill. 2d at 244, 757 N.E.2d at 445.  Our review is 
de
 
novo
.  
People v. Coleman
, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998)  

In his petition, defendant alleged and included exhibits that showed that the police officer who testified that plaintiff confessed to him was under investigation for corruption when he testified and that this officer was eventually convicted of multiple felonies and fired.  Defendant further alleged that he could have impeached the officer's testimony if he had known about the investigation.  Presumably, the State should have known that one of its main witnesses was being investigated on felony corruption charges.  Although not articulately done, defendant has raised the gist of a 
Brady
 violation.  See 
Brady v. Maryland
, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963) (finding that the prosecution has a constitutional duty to produce known exculpatory evidence to a defendant).  If the State was aware of this police officer's impeachability, it had a duty to disclose this potentially exculpatory evidence to defendant.  See 
People v. Sharrod
, 271 Ill. App. 3d 684, 688, 648 N.E.2d 1141, 1143 (1995) (the State must disclose evidence with potential impeachment value such as prior convictions, probationary status, pending criminal charges, and juvenile adjudications).  Defendant has therefore raised the gist of a constitutional claim in his petition.

The State argues that defendant's 
Brady
 argument made by his appellant counsel should be considered forfeited because defendant did not make this argument in his petition.  See 725 ILCS 5/122-3 (West 2000) (any claim not raised in the original petition is waived).  The State claims that defendant's petition complained that it was not disclosed that the police officer had been indicted and fired.  On appeal, defendant argues that it was not disclosed the police officer was under investigation.  Therefore, the State argues, defendant's argument on appeal is substantially different from the one he made in his postcon-viction petition and should be considered forfeited.

We find that defendant's argument is not forfeited on this basis.  The argument is not substantially different, and even if it were, defendant's petition did allege that the investigation had not been disclosed.  

The State also argues that defendant's 
Brady
 argument should be considered forfeited because defendant did not make it in his direct appeal.  See 
People v. Hampton
, 165 Ill. 2d 472, 478, 651 N.E.2d 117, 120 (1995) (issues that defendant could have raised on direct appeal, but did not, are considered waived). Defendant filed his direct appeal in December 1999.  The State claims, without citation to the record, that defendant's petition indicated defendant knew the police officer who had testified against him had been indicted in April 1999.  This court's Rule 23 order in the direct appeal filed on April 16, 2001, shows defendant did not raise any 
Brady
 issue.  Therefore, the State argues, defendant could have raised this issue in his direct appeal, but did not, and the argument is forfeited.

This argument by the State would have merit, except that a review of the record does not support the State's claims.  Nowhere in defendant's petition is there any indication that he knew about the investigation of the police officer before he filed his direct appeal.  There is a newspaper article attached to the petition that says that this officer had been indicted in April 1999, but that does not prove that defendant knew about it at that time.  Defendant's argument is not forfeited on this basis.

The State next argues that even though defendant attached a copy of a newspaper article to his petition that showed that the police officer had been indicted on eight counts of official misconduct in April 1999, defendant's petition should be dismissed for failure to attach an affidavit, record, or other evidence supporting defendant's allegations as required by section 122-2 of the Act.  725 ILCS 5/122-2 (West 2000).  Since defendant attached evidence supporting his allegations, we will not dismiss defendant's petition for failing to attach evidence supporting his allegations.  

The State finally argues that, assuming all of defendant's factual allegations are true, any error was harmless.  This may ultimately prove to be true.  However, at the summary dismissal stage of a postconviction petition, the only relevant inquiry is whether the petitioner has presented the "gist" of a constitutional claim.  
Edwards
, 197 Ill. 2d at 244, 757 N.E.2d at 445.  Defendant's petition presents the "gist" of a constitutional claim.  We therefore reverse the trial court's dismissal of defendant's petition and remand for further proceedings. 

Reversed and remanded.

MYERSCOUGH, P.J., and KNECHT, J., concur.