NOS. 4-08-0026, 4-08-0260 cons.      F: 12/19/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Jersey County |
| SAMUEL L. PACE, | ) | No. 96CF35 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Tim P. Olson, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In April 2007, counsel for defendant, Samuel Pace, moved for the voluntary dismissal without prejudice of a pro se petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 1998)). Approximately nine months later, defendant sought reinstatement of his entire petition. In March 2008, the trial court concluded defendant was not entitled to reinstatement and refused defendant's request. Defendant appeals, arguing he had an absolute right to reinstate his postconviction petition. We need not explore whether a right to reinstate was absolute, because we find the petition should have been reinstated whether the decision was required or a matter of discretion.

I. BACKGROUND

In June 1997, defendant, Samuel Pace, was convicted of first-degree murder (720 ILCS 5/9-1(a)(1) (West Supp. 1995)). He

was sentenced to a term of natural life imprisonment. Defendant pursued a direct appeal. We affirmed his conviction and sentence. People v. Pace, No. 5-97-0467 (December 1, 1998) (unpublished order under Supreme Court Rule 23).

In July 1999, defendant filed his pro se postconviction petition. In his petition, defendant made numerous allegations of error, including 28 allegations of trial-counsel error, 17 allegations of appellate-counsel error, and 17 allegations of prosecutorial misconduct. In September 1999, the trial court determined three allegations were "of concern": (1) defense counsel forced defendant to testify; (2) the sheriff gave false testimony, as indicated by his conflicting testimony from the guilty-plea hearing and the suppression hearing; and (3) a juror told the sheriff she was forced to vote "guilty." The court found the other claims frivolous or patently without merit and appointed counsel. At least one other issue, concerning an Apprendi-based argument (Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)), was also raised.

On April 2, 2007, counsel for defendant petitioned for voluntary dismissal without prejudice. Counsel stated he reviewed defendant's petition, met with defendant, conducted interviews of witnesses, and solicited affidavits related to the petition. Counsel concluded "currently there is no colorable argument for a post-conviction petition." Counsel further

requested the dismissal "with leave to re-file in the future if appropriate evidence along with affidavits become available." On June 12, 2007, the court dismissed defendant's petition.

On January 26, 2008, defendant asked the trial court to reconsider the dismissal of his postconviction petition. In his motion to reconsider the voluntary dismissal, defendant sought reinstatement of the petition. Defendant argued his public defender, Todd Parish, did not notify him "either before or after filing" the motion for voluntary dismissal of defendant's postconviction petition. Defendant also maintained Parish, when filing the motion for voluntary dismissal, also sought to be removed from defendant's case. According to defendant, Parish should have been removed and should not have been allowed to seek the dismissal of his postconviction petition.

In March 2008, the trial court held a hearing on defendant's motion to reconsider. At this hearing, counsel stated he researched and considered the three arguments of concern as identified by the trial court. Counsel stated he read the entire court record and did not find any inconsistencies that had merit. Counsel stated he twice spoke with the juror who denied defendant's allegations she was coerced into finding defendant guilty. As for the argument defendant was forced to plead guilty, counsel twice spoke with defendant's trial counsel and received copies of two letters trial counsel wrote to defen-

- 3 -

dant.  Counsel believed no colorable argument could be made on this ground as well.

Appointed counsel further stated the following about his conversation with defendant and the decision to withdraw his petition:

"And consequently, I told [defendant] that in a meeting here in the courthouse.  At first he was, I think he was a bit frustrated with my conclusions and continued to make the same statements about well, these, I still think these are issues.  I told him I don't believe there is any issue, that I had an obligation to research those issues, speak to those people, read the court record, there were not any issues, and I told him I was going to file a voluntary petition to dismiss, and at that time he said yes, that was, if that's what I thought was best, then that's what I should do.  And that's what I did, Your Honor."

The trial court denied defendant's request to reconsider the dismissal of his postconviction petition and to reinstate.  This appeal followed.

## II. ANALYSIS

The parties agree a trial court may grant leave to a petitioner under the Act to withdraw his or her petition. 725 ILCS 5/122-5 (West 2006) ("The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition").  The parties disagree as to when or how a motion to reinstate may or should be granted.

Defendant argues the reinstatement of his voluntarily withdrawn petition is required.  Defendant cites the Third District decision of People v. English, 381 Ill. App. 3d 906, 909, 885 N.E.2d 1214, 1217 (2008), and maintains when a trial court permits a defendant to withdraw his petition voluntarily, "the defendant can refile and reinstate the petition and have it treated as the original."  Defendant contends as long as the petitioner who voluntarily withdrew his petition requests reinstatement within one year of the dismissal or before the expiration of the applicable statute of limitations, whichever is later, reinstatement is mandated.  Defendant reasons section 122-5 of the Act authorizes a trial court to enter orders in postconviction cases "as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2006).  Defendant argues, in civil cases, section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994) (as the section read before enactment of Public Act 89-7 (Pub. Act 89-7, §15, eff. March 9, 1995), which was declared unconstitutional in Best v. Taylor Machine Works, 179 Ill. 2d

367, 689 N.E.2d 1057 (1997))) applies and authorizes reinstatement within one year of the voluntary dismissal, even if the limitations period expired:

> "In *** any other act *** where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff."

The State first contends "nowhere in section 122-5, or anywhere in the Act, is there a provision that allows reinstatement of a voluntarily withdrawn petition." The State maintains the decision in English is wrong because, it contends, the court lifted the "civil cases" language from the end of section 122-5 and used the language to find the rules of the Code of Civil Procedure apply to petitions filed pursuant to the Act.

The State argues the Code of Civil Procedure does not apply to the Act except where it is explicitly mentioned. The State contends the Act refers to civil cases or the Code of Civil Procedure in two sentences, indicating a legislative intent not to apply civil practice law generally to procedures under the Act. The first appears in section 122-4, which discusses how to

calculate filing fees and court costs for prisoners who file frivolous petitions. 725 ILCS 5/122-4 (West 2006). The second is in section 122-5. The State argues the "civil cases" language can only be applied to the sentence in which it appears. The State further argues the General Assembly did not provide for a means to reinstate a voluntarily withdrawn petition because section 122-1 of the Act allows the filing of a petition at any time if the delay was not due to the petitioner's culpable negligence (see 725 ILCS 5/122-1 (West 2006)).

The Third District in a similar case determined reinstatement was required. English, 381 Ill. App. 3d at 910, 885 N.E.2d at 1218. In 1999, the English defendant filed a postconviction petition with a request for the appointment of counsel while his appeal was pending. English, 381 Ill. App. 3d at 907, 885 N.E.2d at 1215. Appointed counsel amended the petition and added new grounds. On August 6, 2003, defendant moved for the voluntary dismissal "without prejudice" of his postconviction petition. The trial court granted defendant's motion. English, 381 Ill. App. 3d at 907, 885 N.E.2d at 1215.

In January 2004, the English defendant filed a postconviction petition alleging a new error. The State responded with a motion to dismiss, arguing this was a successive petition and defendant did not satisfy the cause-and-prejudice test. English, 381 Ill. App. 3d at 907, 885 N.E.2d at 1215. In

May 2004, the trial court granted the State's motion upon concluding the defendant did not show cause for the failure to raise the claim in the earlier petition. English, 381 Ill. App. 3d at 907, 885 N.E.2d at 1215-16. On August 5, 2004, defendant moved to reinstate and amend the postconviction petition he had voluntarily dismissed. The State moved to dismiss defendant's motion. The trial court refused to reinstate defendant's petition. English, 381 Ill. App. 3d at 907, 885 N.E.2d at 1216.

On appeal, the defendant argued the trial court should have reinstated his petition because his request to reinstate was filed within one year of the voluntary dismissal. English, 381 Ill. App. 3d at 909, 885 N.E.2d at 1217. The Third District agreed. The English court reasoned while section 122-5 granted courts discretion to allow a defendant to withdraw voluntarily an initial postconviction petition, the Act failed to "address how or when a trial court may reinstate a voluntarily withdrawn postconviction petition." English, 381 Ill. App. 3d at 908, 885 N.E.2d at 1216.

Defendant contends this court should follow English. In his reply brief, defendant argues the Illinois Supreme Court denied the petition for leave to appeal the English decision. See People v. English, 229 Ill. 2d 638, ___ N.E.2d ___ (No. 106529, appeal denied 2008). Defendant maintains "in keeping with the [s]upreme [c]ourt's apparent approval of English, that

- 8 -

case provides the correct framework and should be followed." This argument has no merit. "[D]enials of leave to appeal *** carry no connotation of approval or disapproval of the appellate court action, and signify only that four members of this court, for reasons satisfactory to them, have not voted to grant leave." People v. Vance, 76 Ill. 2d 171, 183, 390 N.E.2d 867, 872 (1979).

We begin with the Act. Contrary to the State's argument, the Act is not silent on the issue of reinstatement. While the Act does not use the term "reinstate" or explicitly refer to the reinstatement of a voluntarily withdrawn petition, it does grant authority to courts to "make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings." (Emphases added.) 725 ILCS 5/122-5 (West 2006). A petition is a pleading. See Black's Law Dictionary 1191 (8th ed. 2004) (defining pleadings as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses"); see also 725 ILCS 5/122-5 (West 2006) (allowing the amendment of the "petition or any other pleading" (emphasis added)). Asking the court to reinstate a voluntarily dismissed or withdrawn petition is the same as asking the court to allow "pleading over" or to permit the "filing [of] further pleadings." 725 ILCS 5/122-5 (West 2006). The last sentence of section 122-5 applies to defendant's reinstatement request.

We note this conclusion renders irrelevant the State's argument the "civil cases" language does not apply to the Act in general. In making this argument, the State concluded "section 122-5 is only intended to give courts authority to use civil procedure in those specific instances mentioned in that last sentence." The flaw in the State's argument is the "civil cases" language appears in the very sentence that gives the trial court discretion to make orders regarding "pleading over" or "filing further pleadings" or refiling withdrawn petitions.

The question remains whether the trial court has discretion to allow reinstatement or a refiling of a voluntarily withdrawn petition or whether the reinstatement is mandatory. We turn to the relevant language of section 122-5:

> "The court may in its discretion make
> such order as to amendment of the petition or
> any other pleading, or as to pleading over,
> or filing further pleadings, or extending the
> time of filing any pleading other than the
> original petition, as shall be appropriate,
> just and reasonable and as is generally pro-
> vided in civil cases." 725 ILCS 5/122-5
> (West 2006).

The sentence begins with giving the trial court discretion to determine when to allow parties to plead over or amend.

- 10 -

The sentence ends with a reference to "civil cases." As we know from defendant's argument, the "civil cases" authorize the refiling of a voluntarily dismissed complaint within one year of the voluntary dismissal. In this case, less than one year has passed since the trial court authorized the voluntary dismissal.

Defendant's position, consistent with the holding in English, is although the General Assembly gave the trial court discretion to allow "pleading over" or "filing further pleadings," it then removed that discretion within the same sentence. We need not decide whether this interpretation is the correct one. Under the circumstances of this case, whether reinstatement was mandatory or an act of discretion, defendant's request to reconsider and reinstate should have been allowed.

The Act creates a remedy for prisoners who suffered "a substantial violation of their constitutional rights at trial." People v. Edwards, 197 Ill. 2d 239, 243-44, 757 N.E.2d 442, 445 (2001). Under the Act, there are three stages for proceedings for those not sentenced to the death penalty. In the first stage, after a prisoner files a petition, the circuit court must review it within 90 days to ascertain whether "'the petition is frivolous or patently without merit.'" Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445, quoting 725 ILCS 5/122-2.1(a)(2) (West 1998). A petition will survive this stage if it is not frivolous or patently without merit or, in other words, sets forth the gist

of a constitutional claim.  See 725 ILCS 5/122-2.1(a)(2) (West 2004); People v. Ledbetter, 342 Ill. App. 3d 285, 286, 794 N.E.2d 1067, 1068-69 (2003).

If the petition succeeds in setting forth the gist of a constitutional claim, it proceeds to the second stage.  See 725 ILCS 5/122-2.1(b) (West 2004).  At this stage, counsel may be appointed for those defendants who allege they are "unable to pay the costs of the proceeding."  725 ILCS 5/122-4 (West 2004).

Appointed counsel is required, under Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), to (1) consult with the petitioner "to ascertain his contentions of deprivation of constitutional right"; (2) examine the record of the trial proceedings; and (3) make amendments "necessary for an adequate presentation of petitioner's contentions."  Rule 651(c) does not require counsel to amend the pro se petition. People v. Jennings, 345 Ill. App. 3d 265, 272, 802 N.E.2d 867, 873 (2003).  Indeed, ethical obligations prohibit counsel from doing so if the claims are frivolous or spurious. People v. Greer, 212 Ill. 2d 192, 205, 817 N.E.2d 511, 519 (2004).  The question remains what should counsel do if counsel investigates the claims but finds them without merit.  The case law provides options.  One is to stand on the allegations in the pro se petition and inform the court of the reason the petition was not amended.  See, e.g., People v. Wolfe, 27 Ill. App. 3d 551, 552, 327 N.E.2d 416, 417-18 (1975).

Another is to withdraw as counsel.  Greer, 212 Ill. 2d at 194-95, 212, 817 N.E.2d at 514, 523.  In both of these scenarios, the allegations in the pro se petition remained to proceed according to the parameters of the Act.  See Greer, 212 Ill. 2d at 195, 212, 817 N.E.2d at 514, 523; Wolfe, 27 Ill. App. 3d at 552, 327 N.E.2d at 417-18.

In addition to authorizing the appointment of counsel and the amendment of a pro se petition, the second stage requires State involvement.  The State has the option of moving to dismiss or answering the petition.  725 ILCS 5/122-5 (West 2006).  If the petition survives the second stage, it advances to the third stage for an evidentiary hearing.  See 725 ILCS 5/122-6 (West 2006).

In this case, the petition advanced to the second stage after the trial court found three allegations "of concern" and appointed counsel.  Counsel did not amend the petition or ask to withdraw as counsel.  Instead, counsel pursued another option: the voluntary dismissal of his client's petition "with leave to re-file in the future if appropriate evidence along with affidavits become available."  The trial court granted the dismissal.  When defendant asked for a reinstatement, he did so within the time "civil cases" allow the refiling of a complaint.  See 735 ILCS 5/13-217 (West 2006).  The court denied his request.

The trial court should have granted defendant's request

- 13 -

to reinstate his petition. The record does not firmly establish what defendant knew when the motion for voluntary dismissal was filed. At the hearing on the motion to reconsider the voluntary dismissal, counsel stated he informed defendant he decided to file the petition for voluntary dismissal. While counsel also indicated defendant consented if counsel "thought it was best," counsel did not date the discussion or, more importantly, indicate he gave defendant the option of proceeding on his pro se petition. This latter information is significant because counsel indicated when he told defendant his intentions to voluntarily dismiss the case, defendant continued to believe his case had merit.

Considering the established options available to counsel, the choice of voluntary dismissal is troublesome under these circumstances. If counsel and the trial court believed defendant's case lacked merit, they should have allowed the pro se petition to proceed with or without counsel. Instead, the court allowed the voluntary dismissal upon defense counsel's request for leave to amend if evidence became available. Defendant's three remaining claims, however, were not of the type that would have benefitted from a delay. The juror twice denied she had been influenced, trial counsel and the record provided proof defendant was aware of his right not to testify, and the record did not divulge significant inconsistencies in the sheriff's

testimony.  The record shows no indication time would have resulted in any evidence to counter these conclusions.

Ultimately, the combined actions of appointed counsel and the trial court usurped the second stage of the proceedings under the Act, denying defendant the very process he sought by filing his pro se petition.  The petition should have been reinstated.

### III. CONCLUSION

For the reasons stated, we find the trial court erred in denying defendant's request to reinstate his pro se petition. We reverse the order on defendant's motion to reconsider the voluntary dismissal and remand for further proceedings.

Reversed and remanded.

STEIGMANN and APPLETON, JJ., concur.

- 15 -