NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241157-U

NO. 4-24-1157

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 12, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| BLAKE WALTON, | ) | No. 20CF893 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Harris and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court reversed the dismissal of defendant's postconviction petition at the second stage of proceedings and remanded for new second-stage proceedings with new postconviction counsel where defendant's postconviction counsel provided unreasonable assistance.

¶ 2    Defendant, Blake Walton, pleaded guilty to one count of second degree murder (720 ILCS 9-2(a)(2) (West 2020)) in 2021. In 2022, he filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), alleging violations of his constitutional rights. The trial court dismissed the petition at the second stage of proceedings. On appeal, defendant argues that his postconviction counsel provided unreasonable assistance because he failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we reverse the dismissal of defendant's postconviction petition and remand the cause to the trial court for new second-stage postconviction proceedings with new counsel.

¶ 3                                    I. BACKGROUND

¶ 4        On August 12, 2020, a grand jury indicted defendant on three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2020)). On September 28, 2021, the State filed a fourth count for second degree murder (720 ILCS 9-2(a)(2) (West 2020)), alleging that defendant, while committing first degree murder, unreasonably believed the circumstances would justify or exonerate the killing. On the same day, the State indicated during a hearing before the trial court that the parties had a fully negotiated plea agreement, pursuant to which defendant would plead guilty to count IV and be sentenced to 20 years in prison and the State would dismiss counts I through III of the indictment. The court admonished defendant about the nature of the charges, the possible penalties, and the trial rights he would be waiving by pleading guilty. The court asked defendant a series of questions about his education, employment, age, and mental health. Defendant confirmed his understanding of the penalties, his trial rights, and the plea deal, and he indicated that he still wished to plead guilty. Defense counsel stated that defendant waived a presentence investigation report and sentencing hearing. The court accepted defendant's guilty plea after determining that it was voluntary and supported by a sufficient factual basis. On October 20, 2021, the court entered the judgment and sentenced defendant to 20 years in prison.

¶ 5        On June 22, 2022, defendant filed a petition for postconviction relief under the Act. Defendant asserted that he was denied his constitutional rights where (1) his 20-year sentence was excessive, (2) the trial court erred by not considering involuntary manslaughter, (3) the court erred by not considering the affirmative defense of self-defense, (4) the court abused its discretion in failing to order a "a pre-trial [investigation report] for mental health" and "a criminal evaluation," and (5) trial counsel was ineffective for failing to request a mental health evaluation where defendant informed him of his mental health disorders.

¶ 6    On August 1, 2022, the trial court entered an order stating that it did not find defendant's postconviction petition to be frivolous or patently without merit. The court then appointed attorney Sean Liles to represent defendant at the second stage of postconviction proceedings. On June 23, 2023, defendant sent a letter to the court expressing dissatisfaction with Liles. On September 14, 2023, the court granted Liles's request to withdraw from his representation of defendant because he was closing his private practice. The court appointed Daniel Mills to represent defendant.

¶ 7    On January 30, 2024, the State filed a motion to dismiss defendant's postconviction petition, contending that (1) defendant alleged "only unsupported conclusory assertions that are insufficient to establish a substantial denial of Defendant's constitutional rights," (2) defendant "waived all claims of error because he could have raised the claims on direct appeal, but did not," and (3) "the allegations in the Petition *** do not support a claim of ineffective assistance of counsel, self-defense, or not guilty by reason of mental defeat [*sic*]."

¶ 8    Postconviction counsel filed his response to the motion to dismiss on June 7, 2024. Counsel set out two "counts." In "Count I," he asserted that the trial court erred because "it failed to order a presentence investigation as required by Section 5-3-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-3-1 (West [2020])." (Emphases omitted.) He acknowledged there was an exception to this requirement if both parties agreed to the imposition of a specific sentence. In "Count II," counsel contended that defendant received ineffective assistance of trial counsel where counsel did not inform the trial court of defendant's diagnoses of "Bi-polar [disorder], [an] Anxiety [disorder], and [a] Cluster B. Personality [disorder]." Counsel did not attach any exhibits or affidavits to his response. Counsel did not file the certification required by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 9 The State filed a reply in support of its motion to dismiss on July 29, 2024, reasserting that defendant waived his claims by not bringing them on direct appeal and further addressing the merits of defendant's petition.

¶ 10 The trial court held a hearing on the State's motion to dismiss defendant's postconviction petition on August 7, 2024. Defendant's postconviction counsel reasserted his argument that "the presentence investigation requirement" is a "mandatory legislative requirement which cannot be waived except in accordance with the statute." The court asked, "And you are aware that the record reflects that [trial counsel] was asked about a presentence investigation report and he waived it?" Postconviction counsel replied, "Correct." The court then turned to defendant and asked if he wanted to say anything for the record, noting that "your attorney is here in court and he asked you if you were certain you wanted to do this." Defendant talked for seven pages of the record, addressing the facts of the underlying criminal case and the arguments in his postconviction petition.

¶ 11 On August 20, 2024, the trial court issued an order dismissing defendant's postconviction petition. The court found that defendant failed to make a substantial showing of a constitutional violation, as (1) "[m]ost if not all of Defendant's claims assert rights that he waived by pleading guilty" and (2) defendant's petition was "devoid of any evidence" showing ineffective assistance of trial counsel. The court noted that "[n]o affidavits were attached to the petition, nor was a reason provided as to why such were not attached."

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 On appeal, defendant contends that his postconviction counsel provided unreasonable assistance where he failed to comply with Illinois Supreme Court Rule 651(c) (eff.

July 1, 2017). The State concedes that postconviction counsel did not substantially comply with Rule 651(c) and remand is required.

¶ 15        The Act allows a defendant to "challenge his conviction or sentence for violations of federal or state constitutional rights." *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). A defendant is entitled to postconviction relief if he can "show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged." *Pendleton*, 223 Ill. 2d at 471. The Act requires the petition to "have attached thereto affidavits, records, or other evidence supporting its allegations" or "state why the same are not attached." 725 ILCS 5/122-2 (West 2022).

¶ 16        There are three stages of postconviction proceedings. At the first stage, the trial court reviews the petition independently and determines whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). If the court does not summarily dismiss the petition, the matter proceeds to a second stage, at which "the defendant bears the burden of making a substantial showing of a constitutional violation." *Pendleton*, 223 Ill. 2d at 473. The State must answer or move to dismiss the petition within 30 days of advancing to the second stage or within such further time as the court may set. 725 ILCS 5/122-5 (West 2022). If the petition is not dismissed, the proceeding advances to the third stage, where the defendant may present evidence in support of the petition. 725 ILCS 5/122-6 (West 2022).

¶ 17        The present appeal involves the second stage of proceedings. At the second stage of postconviction proceedings, an indigent petitioner is entitled to have appointed counsel. 725 ILCS 5/122-4 (West 2022). Under the Act, a defendant "is entitled to only a 'reasonable' level of assistance, which is less than that afforded by the federal or state constitutions." *Pendleton*, 223 Ill. 2d at 472. If counsel determines that a defendant's claims are meritless, he should (1) move to

withdraw from the representation rather than advance frivolous arguments, as required by his ethical obligations (*People v. Greer*, 212 Ill. 2d 192, 209 (2004)), or (2) "stand on the allegations in the *pro se* petition and inform the court of the reason the petition was not amended" (*People v. Pace*, 386 Ill. App. 3d 1056, 1062 (2008)).

¶ 18 To ensure that a defendant receives reasonable assistance of counsel under the Act, Rule 651(c) establishes that the record at the second stage of postconviction proceedings

> "shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 19 Compliance with Rule 651(c) is mandatory. *People v. Lander*, 215 Ill. 2d 577, 584 (2005). Postconviction counsel's certificate of compliance under Rule 651(c) "creates a rebuttable presumption that counsel provided the petitioner with a reasonable level of assistance, absent an affirmative showing in the record." *People v. Urzua*, 2023 IL 127789, ¶ 54. However, that presumption does not apply if counsel does not file a certificate of compliance. Counsel's "failure to file a certificate showing compliance with Rule 651(c) is harmless error" only if "the record demonstrates that counsel adequately fulfilled the required duties." *Lander*, 215 Ill. 2d at 584. "We review an attorney's compliance with Rule 651(c) *de novo*." *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13.

¶ 20 If compliance with Rule 651(c) is not apparent through either the certificate or the

record, remand is required for the purpose of demonstrating compliance with the rule. *People v. Suarez*, 224 Ill. 2d 37, 47, 52 (2007). The Illinois Supreme Court has "consistently declined the State's invitation to excuse noncompliance with the rule" by considering the potential lack of merit of the defendant's postconviction claim. *Suarez*, 224 Ill. 2d at 51. To that end, the court has said that its "Rule 651(c) analysis has been driven, not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." *Suarez*, 224 Ill. 2d at 51.

¶ 21　　　　　In this case, postconviction counsel did not file a certification under Rule 651(c). Therefore, we cannot presume that he provided a reasonable level of assistance and must instead determine whether "the record demonstrates that counsel adequately fulfilled the required duties." *Lander*, 215 Ill. 2d at 584. We find that it does not.

¶ 22　　　　　　　　　　A. Consultation with Defendant

¶ 23　　　　　Defendant argues, and the State agrees, that there is no evidence in the record to show that defendant's postconviction counsel consulted with defendant about his claims. As defendant points out on appeal, defendant himself felt the need to speak in court and present arguments in support of his petition. The only indication of any colloquy between defendant and his postconviction counsel is the trial court's comment that counsel asked defendant, presumably in the presence of the court, if he was certain he wanted to address the court at the hearing on August 7, 2024. Counsel thus failed to fulfill his duty to consult with defendant "to ascertain his or her contentions of deprivation of constitutional rights." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 24　　　　　　　　　　B. Examination of the Record of Proceedings

¶ 25　　　　　There is also no evidence in the record suggesting that postconviction counsel

"examined the record of the proceedings at the trial." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel is required "to examine as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner." *People v. Davis*, 156 Ill. 2d 149, 164 (1993). We note that defendant's postconviction counsel argued that the court abused its discretion by not ordering a presentence investigation but conceded that such an investigation would have been waived if "both parties agree[d] to the imposition of a specific sentence." 730 ILCS 5/5-3-1 (West 2020). However, he did not address why that exception did not apply in this case, raising questions as to whether counsel had reviewed all the relevant portions of the record. In fact, that exception did apply in this case and allowed defendant to waive the presentence investigation, as the record clearly showed that defendant agreed to a fully negotiated plea deal, including the imposition of a specific sentence. If counsel recognized that defendant's postconviction claim about the absence of a presentence investigation was meritless, he should have either moved to withdraw or stood on the allegations in the *pro se* petition and explained why he did not amend the petition. See *Greer*, 212 Ill. 2d at 209; *Pace*, 386 Ill. App. 3d at 1062. He did neither, leaving the record unclear as to whether he fulfilled his duties under Rule 651(c).

¶ 26                                  C. Amendments to the Petition

¶ 27            While "[t]here is no requirement that post-conviction counsel must amend a petitioner's *pro se* post-conviction petition" (*People v. Turner*, 187 Ill. 2d 406, 412 (1999)), counsel is required to do so when "necessary for an adequate presentation of petitioner's contentions" (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)). The Illinois Supreme Court has found that postconviction counsel violated Rule 651(c) where counsel failed to allege the required elements of the claims. See *Turner*, 187 Ill. 2d at 413 (finding that postconviction counsel violated Rule 651(c) where he "failed to amend the petition to include" allegations that were "essential elements

of petitioner's legal claims").

¶ 28　　　Postconviction counsel may also violate Rule 651(c) by failing to attach necessary affidavits. See *Turner*, 187 Ill. 2d at 414; *Urzua*, 2023 IL 127789, ¶ 64; 725 ILCS 5/122-2 (West 2022) ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."). Generally, "a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *People v. Johnson*, 154 Ill. 2d 227, 241 (1993); see *People v. Coons*, 2024 IL App (4th) 230552, ¶ 39; *People v. Stovall*, 47 Ill. 2d 42, 46 (1970); *People v. Thompson*, 2016 IL App (3d) 150644, ¶ 23.

¶ 29　　　However, this presumption only applies when postconviction counsel filed a Rule 651(c) certificate and thus already presumptively complied with Rule 651(c). See *Coons*, 2024 IL App (4th) 230552, ¶ 39 (rejecting the defendant's contention that "postconviction counsel's failure to attach evidentiary support to a petition can rebut the presumption created by the filing of a Rule 651(c) certificate"); *People v. Treadway*, 245 Ill. App. 3d 1023, 1027 (1993) ("[T]he court could not presume that no such evidence [supporting the defendant's petition] existed in the absence of post-conviction counsel's certification that he investigated the allegations, for example, by interviewing trial counsel or an expert."). Where postconviction counsel did not file the required certificate, the Illinois Supreme Court has found that counsel's failure "to attach any affidavits to support the claims in the post-conviction petition or offer any explanation for their absence" was "fatal to petitioner's claims" and "fell below the level of assistance required by Rule 651(c)." *Turner*, 187 Ill. 2d at 414.

¶ 30　　　Here, postconviction counsel did not file an amended postconviction petition after

being appointed to represent defendant on September 14, 2023. In response to the State's motion to dismiss, postconviction counsel asserted that defendant's trial counsel was ineffective but did not argue that trial counsel's performance was deficient or prejudicial, which are necessary elements of a claim of ineffective assistance. See *Turner*, 187 Ill. 2d at 413. Postconviction counsel therefore did not amend the petition as "necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 31 Postconviction counsel also failed to attach any affidavits that supported his assertion that defendant was diagnosed with three mental health disorders or offer any explanation for their absence. As postconviction counsel did not file a Rule 651(c) certificate, he is not entitled to the presumption that he "made a concerted effort to obtain affidavits in support of the post-conviction claims." *Johnson*, 154 Ill. 2d at 241. The trial court explicitly relied on defendant's failure to include supporting affidavits to deny the petition, noting that the petition was "devoid of any evidence" showing ineffective assistance of trial counsel. Postconviction counsel's failure to attach any affidavits was thus "fatal to petitioner's claims." *Turner*, 187 Ill. 2d at 414. In the *pro se* postconviction petition, defendant specifically alleged that he was diagnosed with "Bipolar, Anxiety, Cluster B Personality [disorders], in 2014" by "Doctor Arron Etridge of [Southern Illinois University] Medical Center of Springfield Illinois." Postconviction counsel was thus on notice that medical records existed and where to find them, yet the record does not reflect whether counsel attempted to obtain them. Postconviction counsel's failure to attach affidavits or other evidence to the petition to ensure the adequate presentation of defendant's postconviction claims violated Rule 651(c).

¶ 32 As a whole, postconviction counsel fell short of meeting the requirements of Rule 651(c), and his performance was unreasonable. His representation of defendant amounted to no

representation at all. "To tolerate such inadequate representation would render the appointment of counsel in post-conviction proceedings nothing but 'an empty formality.' " *Turner*, 187 Ill. 2d at 417. Remand is required in this case, as "it is improper to determine the merit of petitioner's claims where counsel essentially did nothing to shape the petitioner's claims into the appropriate legal form." *Turner*, 187 Ill. 2d at 416-17; see *Lander*, 215 Ill. 2d at 585; *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 15. We express no opinion on the merits of the claims in defendant's postconviction petition. On remand, defendant must be given the opportunity to amend his postconviction petition with the benefit of reasonable assistance by newly appointed counsel.

¶ 33        We thus reverse the dismissal of defendant's postconviction petition and remand to the trial court for new second-stage postconviction proceedings with new counsel.

¶ 34                                III. CONCLUSION

¶ 35        For the reasons stated, we reverse and remand this case to the trial court.

¶ 36        Reversed and remanded with directions.