# Illinois Official Reports

## Appellate Court

---

### *People v. Malone*, 2017 IL App (3d) 140165

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM A. MALONE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0165 |
| Rule 23 order filed<br>Rule 23 order withdrawn<br>Opinion filed | December 15, 2016<br><br>January 23, 2017<br>January 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 09-CF-684; the Hon. David A. Brown, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier and John M. McCarthy, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices O'Brien and Lytton concurred in the judgment and opinion. |

¶ 1 The defendant, William A. Malone, appeals from the dismissal of his postconviction petition, arguing that postconviction counsel provided unreasonable assistance by failing to amend the postconviction petition or withdraw as counsel.

¶ 2 FACTS

¶ 3 The defendant was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2008)), home invasion (720 ILCS 5/12-11(a)(2) (West 2008)), aggravated robbery (720 ILCS 5/18-5(a) (West 2008)), and failure to register as a sex offender (730 ILCS 150/10 (West 2008)). He was sentenced, respectively, to natural life imprisonment, 30 years' imprisonment, 30 years' imprisonment, and 10 years' imprisonment. The home invasion, aggravated robbery, and failure to register as a sex offender sentences would all run concurrent and would be consecutive to the sentence for aggravated criminal sexual assault. On appeal, this court affirmed his convictions, reduced his aggravated robbery sentence to 15 years, and vacated a DNA testing fee. *People v. Malone*, 2012 IL App (3d) 100425-U, ¶ 20.

¶ 4 The defendant subsequently filed a *pro se* postconviction petition, claiming that (1) his rights were violated when the State filed multiple counts charging the same crime under different theories, and home invasion was a lesser included offense of aggravated robbery; (2) one of the jurors worked at the same hospital as the victim and another knew the judge; (3) the prosecutor made improper comments to discredit the defendant and improperly vouched for the State's witnesses; and (4) he was not eligible for a natural life sentence because his prior sex convictions were for criminal sexual abuse.

¶ 5 The trial court appointed counsel to represent the defendant, and the State filed a motion to dismiss, arguing that none of the issues the defendant raised in his *pro se* petition had merit. Postconviction counsel did not amend the defendant's postconviction petition nor add any affidavits or any other supporting documentation. At the hearing on the State's motion to dismiss, the State chose to rest on the arguments contained in its motion to dismiss. Postconviction counsel stated that he disagreed with the argument set forth in the State's motion to dismiss, but would also stand on the arguments set forth in the *pro se* postconviction petition. The defendant made a statement at the hearing on the motion to dismiss, which expounded on his argument about the prosecutor's improper comments and potential bias of the jurors. The trial court gave the defendant the opportunity to submit further documentation of his claims should he so choose. It does not appear from the record that the defendant submitted any further documentation. The trial court took the matter under advisement and ultimately granted the State's motion to dismiss. Postconviction counsel filed a Rule 651(c) certificate. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 6 ANALYSIS

¶ 7 On appeal, the defendant argues that postconviction counsel provided unreasonable assistance as counsel's representation amounted to representation "in name only." Specifically, the defendant argues that postconviction counsel should have either amended the postconviction petition or moved to withdraw as counsel if he found the petition to be meritless.

¶ 8 A defendant's right to postconviction counsel is wholly statutory, and, under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), a petitioner is only entitled to reasonable assistance of counsel. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19. Reasonable assistance of postconviction counsel is premised on counsel's compliance with Rule 651(c). *Id.* Rule 651(c) provides that postconviction counsel must file a certificate stating:

> "that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 9 Here, postconviction counsel did not amend the defendant's *pro se* postconviction petition. Neither the State nor the defendant's postconviction counsel presented oral arguments at the hearing on the State's motion to dismiss, both solely relying on the arguments in their written documents. Postconviction counsel filed a Rule 651(c) certificate, which stated that he consulted with the petitioner, examined the record, and made any necessary amendments to the petition.

¶ 10 The defendant contends that postconviction counsel should have amended the *pro se* petition. Postconviction counsel, however, is not required to amend a defendant's *pro se* postconviction petition. *People v. Pace*, 386 Ill. App. 3d 1056, 1062 (2008). Ethical obligations prevent counsel from doing so if the claims are frivolous. *Id.* If the claims are frivolous, postconviction counsel has the option of standing on the allegations in the *pro se* petition or to withdraw as counsel. *Id.* Further, the defendant does not make any recommendation as to how counsel could have improved the petition, other than stating that counsel did not attach any affidavits supporting the claims. "[T]here is no showing of the existence of any facts or evidence on which such affidavits could have been founded. Absent a showing of available material for supporting affidavits, a failure to present affidavits obviously cannot be considered a neglect by the attorney." *People v. Stovall*, 47 Ill. 2d 42, 46 (1970). Counsel is not required to go on a "fishing expedition" to find facts and evidence outside the record that might support the defendant's claims. See *People v. Vasquez*, 356 Ill. App. 3d 420, 425 (2005).

¶ 11 Postconviction counsel filed a compliant Rule 651(c) certificate, giving rise to the presumption that counsel complied with the rule and provided reasonable assistance. See *People v. Profit*, 2012 IL App (1st) 101307, ¶¶ 19, 23. The defendant has failed to rebut that presumption. Therefore, we accept that postconviction counsel provided reasonable assistance in that he reviewed the record and could not or did not need to make any amendments to the petition to adequately present the defendant's claims.

¶ 12 In coming to this conclusion, we reject the defendant's contention that if postconviction counsel could not amend the *pro se* petition, he should have withdrawn as counsel. Though *People v. Greer*, 212 Ill. 2d 192, 211 (2004), allows postconviction counsel to withdraw when the allegations of the petition are without merit and frivolous, it does not *compel* withdrawal under such circumstances. *Id.* ("the Act presents no impediment to withdrawal of counsel"). Whether postconviction counsel stood on the *pro se* petition or withdrew as counsel is a distinction without a difference. Further, we note that the trial court gave the defendant the opportunity to present a statement at the hearing, which the defendant did. The court also

allowed the defendant to provide any further documentation prior to the court making its decision, which the defendant failed to do. Therefore, the defendant was given the opportunity to explain his constitutional deprivations to the trial court, as he claims he could have done had postconviction counsel withdrawn.

¶ 13       We also reject the defendant's reliance on *People v. Shortridge*, 2012 IL App (4th) 100663. Postconviction counsel in *Shortridge* did not just fail to amend the *pro se* postconviction petition or withdraw as counsel, but instead actually "confess[ed] the motion to dismiss" filed by the State. (Internal quotation marks omitted.) *Id.* ¶ 6. We find *Shortridge* distinguishable on this fact alone.

¶ 14                                    CONCLUSION

¶ 15       The judgment of the circuit court of Peoria County is affirmed.

¶ 16       Affirmed.