NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170762-U

NO. 4-17-0762

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 22, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| JOHN CLARK, | ) | No. 03CF345 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mark S. Goodwin, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*      The appellate court affirmed the dismissal of defendant's postconviction petition.

¶ 2            In July 2003, the State charged defendant, John Clark, with four counts of first

degree murder, alleging that he killed Clarence Cunningham. 720 ILCS 5/9-1(a)(1), (a)(2) (West

2002). In December 2003, a jury found defendant guilty, and in February 2004, the trial court

sentenced him to a total of 65 years in prison. Defendant appealed, and this court affirmed his

conviction and sentence. *People v. Clark*, No. 4-04-0226 (Feb. 16, 2006) (unpublished order under

Illinois Supreme Court Rule 23).

¶ 3            In March 2006, defendant *pro se* filed a postconviction petition. In June 2006, the

trial court dismissed defendant's petition because it concluded his direct appeal was still pending.

This court reversed and remanded for further postconviction proceedings. *People v. Clark*, No. 4-

06-0707 (Dec. 28, 2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4 On remand, following the appointment and departure of two attorneys, the trial court appointed the postconviction counsel that authored the petition in question in this appeal. That counsel filed a second amended postconviction petition in October 2015, alleging defendant's constitutional rights were violated because he was not present (1) at the time a juror was dismissed for medical reasons and (2) when the jury sent a note asking if they should receive a second degree murder ballot. The petition also claimed that defendant was denied effective assistance of counsel because trial counsel failed to object to (1) hearsay testimony, (2) evidence that defendant asserted his right to counsel, and (3) defendant's absence during juror replacement and discussion of the jury question. The petition further claimed the trial court erroneously ruled on those issues and appellate counsel was ineffective for failing to raise them on direct appeal. Postconviction counsel did not file an Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate.

¶ 5 In August 2016, the State moved to dismiss the petition, and the trial court granted that motion. Defendant appealed, and this court remanded for compliance with Rule 651(c). *People v. Clark*, No. 4-16-0792 (June 20, 2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On remand, postconviction counsel filed a Rule 651(c) certificate. Following a hearing, the trial court adopted its prior order granting the State's motion to dismiss.

¶ 6 This appeal followed. The sole issue on appeal is whether this court should remand for appointment of new postconviction counsel and further postconviction proceedings because defendant's postconviction counsel failed to substantially comply with Illinois Supreme Court Rule 651(c).

¶ 7 We affirm.

¶ 8 I. BACKGROUND

¶ 9 A. Pretrial and Trial

- 2 -

¶ 10    In July 2003, the State charged defendant with four counts of first degree murder, alleging that he killed Clarence Cunningham. 720 ILCS 5/9-1(a)(1), (a)(2) (West 2002). The State also alleged that aggravating factors were present for the murder in that defendant was (1) armed with a firearm, (2) discharged a firearm, and (3) discharged a firearm that caused great bodily harm or death to another person. 730 ILCS 5/5-8-1(a)(1)(d)(i)-(iii) (West 2002).

¶ 11    Because the only issue raised in this case is whether defendant received reasonable assistance of postconviction counsel, we need not discuss at length either the evidence presented at the jury trial or the sentencing hearing. Relevant to this appeal, at defendant's December 2003 jury trial, one witness, Tina Williams, testified that another witness, Lynn Mullins, told her that defendant "just shot that boy. He say, 'I told your mama I was gonna kill you.' Shot him twice. She said, 'He shot that boy twice.' " Defendant objected to hearsay, and the trial court overruled the objection.

¶ 12    Danville police officer Phillip Wilson testified that he apprehended defendant and transported him to the Public Safety Building. Wilson testified that during transport, defendant stated he "had raised [the victim] from pampers and that he told him not to f*** with him or he would kill him." Defendant explained that his mother recently died, and he told everybody "not to f*** with him or he'd kill 'em." After that, defendant said he "was done talking and that he wanted to speak with his attorney." Defendant objected to Wilson's testimony regarding defendant's statements during transport and moved for a mistrial. The trial court denied the motion for a mistrial but instructed the jury to disregard Wilson's testimony regarding the statements defendant made while being transported to the Public Safety Building.

¶ 13    On the second day of trial, a juror was dismissed for a medical emergency and replaced with an alternate juror. Defense counsel agreed to the replacement. During deliberation,

the jury sent a note asking, "Should we receive a ballot for second degree murder with mitigating factors?" With the consent of the State and defense counsel, the trial court answered, "A verdict form for guilty of second degree murder was inadvertently omitted from the instructions and is provided here. If you find the defendant has proven a mitigating factor, this is the appropriate form ***." Defendant was not present during the replacement of the juror or for the discussion of the jury question.

¶ 14　　　　The jury found defendant guilty of first degree murder and found that each aggravating factor applied. In February 2004, the trial court sentenced defendant to a total of 65 years in prison.

¶ 15　　　　Defendant appealed, and this court affirmed his conviction and sentence. *People v. Clark*, No. 4-04-0226 (Feb. 16, 2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 16　　　　　　　　　　B. Defendant's Postconviction Petition

¶ 17　　　　In March 2006, defendant *pro se* filed a postconviction petition. In June 2006, the trial court dismissed defendant's petition because it concluded his direct appeal was still pending. This court reversed and remanded for further postconviction proceedings. *People v. Clark*, No. 4-06-0707 (Dec. 28, 2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 18　　　　On remand, the trial court appointed postconviction counsel. Counsel filed an amended postconviction petition. Defendant moved to discharge his postconviction counsel, and the court granted that motion. The court appointed new postconviction counsel, who subsequently retired from the practice of law without working on defendant's petition. The court then appointed the postconviction counsel at issue in this appeal.

¶ 19　　　　Counsel first appeared on behalf of defendant at a February 2013 status hearing. At that hearing, counsel said that he had briefly discussed the case with defendant and needed more

time to determine whether he needed to file an amended petition. In April 2013, counsel said that he spoke with defendant and needed more time to follow up on information that defendant gave him. In June 2013, counsel told the trial court that he talked with defendant again and requested additional time to locate a person who would provide an affidavit to supplement the petition. In July 2013, counsel said he was having trouble communicating with defendant because he was incarcerated and asked for a continuance.

¶ 20 Two years later, in October 2015, counsel filed a second amended postconviction petition, alleging defendant's constitutional rights were violated because he was not present (1) at the time the juror was dismissed for medical reasons and (2) when the jury sent a note asking if they should receive a second degree murder ballot. The petition also claimed that defendant was denied effective assistance of counsel because trial counsel failed to timely object to (1) hearsay testimony, (2) evidence that defendant asserted his right to counsel, and (3) defendant's absence during juror replacement and discussion of the jury question.

¶ 21 The petition further claimed the trial court violated defendant's rights by (1) admitting Williams's testimony regarding the statement of Lynn Mullins as an excited utterance, (2) denying the motion for mistrial based on Wilson's testimony that defendant asserted his right to counsel, and (3) failing to ensure that defendant was present for the juror replacement and discussion of the jury question.

¶ 22 The petition also claimed appellate counsel was ineffective for failing to raise the aforementioned issues on direct appeal. Finally, the petition claimed that defendant's sentence was excessive. Counsel did not file an Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate.

¶ 23 C. The State's Motion to Dismiss

¶ 24 In August 2016, the State filed a motion to dismiss the petition, arguing that

defendant failed to demonstrate a substantial deprivation of his constitutional rights because (1) no constitutional violation occurred when defendant was absent for the juror replacement and the jury question, (2) defendant did not explain why trial counsel's performance was deficient or how he was prejudiced, (3) the petition did not explain defendant's claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal, and (4) defendant's sentencing claim was barred by *res judicata*.

¶ 25 At the hearing on the motion to dismiss, postconviction counsel recited the allegations in the petition and argued that considering the errors in their totality, defendant was prejudiced because if all of the errors were not allowed then the trial could have had a different outcome.

¶ 26 The trial court dismissed the petition. The court concluded that defendant's constitutional rights were not violated by his absence during the juror replacement process or jury question because (1) the petition failed to show defendant was prejudiced and (2) no substantial right was involved with either event. The court next addressed trial counsel's failure to timely object to the various statements identified in the petition and concluded that defendant offered "no facts in either his written or oral presentation" to explain how counsel's performance was deficient or prejudiced him. The court noted that postconviction counsel argued that the cumulative error of all of the statements coming in could have prejudiced defendant but concluded that "this was speculation and *** insufficient when seeking post-conviction relief." The court further concluded that defendant had not demonstrated ineffective assistance of appellate counsel, that the trial court did not abuse its discretion by admitting the excited utterance, and that defendant's sentencing did not violate his constitutional rights because his petition "lacks factual allegations to specify in what manner the sentence was either excessive or an abuse of discretion."

¶ 27　　　　　Defendant appealed, and this court remanded for compliance with Rule 651(c). *People v. Clark*, No. 4-16-0792 (June 20, 2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On remand, postconviction counsel filed a Rule 651(c) certificate but did not change the second amended petition. Defendant was not present for the first hearing on the petition, and the trial court did not hear argument on the petition. At the second hearing, defendant was present, and the court asked him if the petition contained all of the claims defendant wanted the court to consider. Defendant responded, "Yes." The court then asked if he had any questions, and defendant said, "No. No. No." The court then adopted its prior order granting the State's motion to dismiss. That order was very detailed and addressed the merits of each of defendant's claims.

¶ 28　　　　　This appeal followed.

¶ 29　　　　　　　　　　　　II. ANALYSIS

¶ 30　　　　　Defendant appeals, claiming only that this court should remand for appointment of new postconviction counsel and further postconviction proceedings because defendant's current postconviction counsel failed to substantially comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 31　　　　　We disagree and affirm.

¶ 32　　　　　　　　　　　　A. The Law

¶ 33　　　　　The Post-Conviction Hearing Act (Act) provides a three-step process for determining whether a defendant was denied his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2006). During the second stage, a defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006). A substantial showing of a constitutional violation is a measure of the legal

sufficiency of a defendant's well-pled allegation of a constitutional violation which, if proved at an evidentiary hearing, would entitle the defendant to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767.

¶ 34    Defendants are entitled to a statutory right of reasonable assistance of counsel under the Act. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007). The Illinois Supreme Court has held that counsel is required to perform only the specific duties set forth in Illinois Supreme Court Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 204-05, 817 N.E.2d 511, 519 (2004). Rule 651(c) requires postconviction counsel to (1) consult with the defendant to ascertain the contentions of deprivations of constitutional rights, (2) examine the record, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's claims. *Id.* at 205; *People v. Patterson*, 2012 IL App (4th) 090656, ¶ 23, 971 N.E.2d 1204. Although filing a certificate of compliance with Rule 651(c) creates presumptions that (1) the certifying attorney complied with the requirements of the rule and (2) the petitioner received reasonable assistance of counsel, these presumptions can be rebutted by the record. *Perkins*, 229 Ill. 2d at 52. The defendant bears the burden of demonstrating his attorney failed to comply with the duties mandated in Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200.

¶ 35    Postconviction counsel is required to make amendments to the petition which are necessary to present the defendant's contentions, but counsel is not required "to advance frivolous or spurious claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472. Although counsel "may raise additional issues if he or she chooses, there is no obligation to do so." *Id.* at 476. Defendant "is not entitled to the advocacy of counsel for purposes of exploration, investigation and formulation of potential claims." *People v. Davis*, 156 Ill. 2d 149, 163, 619 N.E.2d 750, 758

(1993). Whether postconviction counsel complied with Rule 651(c) is a question of law, reviewed *de novo*. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007).

¶ 36                                    B. This Case

¶ 37         In this case, defendant challenges only whether his counsel made the required amendments for an adequate presentation of his claims. Defendant asserts that "the record rebuts any presumption that counsel amended the *pro se* petition to adequately present his claims as required by Rule 651(c)." We disagree.

¶ 38         On remand, counsel filed a Rule 651(c) certificate, and the trial court told counsel it intended to adopt its prior order dismissing the petition. Defendant now argues that because "counsel stood on the petition knowing that it was legally insufficient to survive the second stage of postconviction proceedings," he "did not make the amendments necessary to adequately present [defendant's] *pro se* allegations to the trial court."

¶ 39         As an initial matter, we note that attorneys often must do the best they can with what they have and, as here, being informed of an impending loss does not make better circumstances materialize out of thin air.

¶ 40         Defendant first argues that for the claims related to defendant's not being present for juror replacement or discussion of the jury question, postconviction counsel did not identify which of defendant's rights were violated. Defendant does not identify any authority for the claim that not being present for these matters was a violation of a substantial right and in fact cites two cases to the contrary. See *People v. Bean*, 137 Ill. 2d 65, 80-81, 560 N.E.2d 258, 265 (1990) (noting that the Illinois Supreme Court has "declared that the broad 'right to be present at trial' is not itself a substantial right under the Illinois Constitution"); *U.S. v. Gagnon*, 470 U.S. 522, 526 (1985) (explaining that the "presence of a defendant is a condition of due process to the extent that a fair

and just hearing would be thwarted by his absence, and to that extent only"). Because counsel filed the certificate, the presumption is that counsel properly presented this argument, and because the authority produced by defendant on appeal is not contrary to the actions taken by counsel, the presumption stands.

¶ 41 Defendant next argues that postconviction counsel provided unreasonable assistance when he alleged ineffective assistance of counsel but did not clearly state the test described in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defendant cites *People v. Turner*, 187 Ill. 2d 406, 412, 719 N.E.2d 725, 729 (1999), in which defendant wished to raise claims that were waived, but counsel failed to allege that trial counsel was ineffective for failing to preserve the claims. Therefore, the failure to allege ineffective assistance of counsel "prevented the circuit court from considering the merits of petitioner's claims and directly contributed to the dismissal of the petition without an evidentiary hearing." *Id.* at 413. However, unlike *Turner*, in which the trial court was unable to address the merits due to counsel's error, here the trial court did address the merits and determined for each claim that either trial counsel was not deficient, that the error did not prejudice defendant, or both. Because (1) counsel presented ineffective assistance of counsel claims and (2) the trial court was able to provide a full analysis (including deficient performance and prejudice) of defendant's claims, we conclude that counsel made the necessary amendments "for an *adequate* presentation of petitioner's contentions." (Emphasis added.) Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 42 Defendant similarly argues that postconviction counsel provided unreasonable assistance in relation to the claims that the trial court abused its discretion as to the evidentiary rulings because he "did not explain how the trial court's actions prejudiced defendant or otherwise adversely affected the outcome of the trial." On this matter, we strongly disagree. At argument,

counsel stated, "Judge, considering all of those in totality, *** we believe [defendant] was prejudiced by all of these and that had all of these not been allowed in then the jury could have come back with a different outcome, a different verdict." Counsel argued that had the trial court kept out certain evidence, the jury would have returned "a different verdict," that is, a verdict of not guilty. On appeal, defendant does not suggest what more counsel should have argued to show prejudice, and therefore the presumption that counsel adequately presented defendant's claims stands. See *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10, 74 N.E.3d 24 (holding a defendant fails to rebut the presumption of adequate presentation when he "does not make any recommendation as to how counsel could have improved the petition").

¶ 43        Next, defendant argues that postconviction counsel provided unreasonable assistance in that when he raised ineffective assistance of appellate counsel claims, he did not include any analysis of how the errors not raised by appellate counsel would have created a reasonable probability of reversal. Defendant does not articulate what this analysis might be, and therefore this court is left to speculate as to what analysis, if any, might have been provided by postconviction counsel beyond what currently exists. See *id.* The presumption is that counsel fulfilled his duties, and speculation that more or better analysis could have been provided is insufficient to overcome that presumption. *Id.*

¶ 44        Last, defendant contends that postconviction counsel provided unreasonable assistance in that when counsel claimed defendant's sentence was excessive, he failed to allege that defendant's sentence was disproportionate to the seriousness of the offense or that the trial court failed to properly balance the retributive and rehabilitative purposes of punishment. To say that a sentence is disproportionate to the seriousness of the offense is another way of saying that such a sentence is excessive. Further, to say that the trial court did not properly weigh the

retributive and rehabilitative purposes of punishment is implicit in the claim that it is excessive. We conclude that counsel stated the claim that the sentence was excessive, and we will not conclude that the fact that he did so using different words than defendant suggests amounts to a rebuttal of the presumption that counsel did so in compliance with Rule 651(c).

¶ 45       We further note that a claim that a defendant's sentence was excessive is not normally cognizable in a postconviction petition. While a person may challenge the length of his sentence through methods such as a motion to reconsider sentence or a direct appeal, one can only challenge the length of a sentence through postconviction proceedings in very limited circumstances. This is because postconviction proceedings are only for substantial constitutional violations. 725 ILCS 5/122-1(A)(1) (West 2006). "[W]here the sentence imposed is within the statutory limits prescribed for the offense of which the defendant is convicted, the issue of sentence excessiveness does not involve a constitutional question." *People v. Rife*, 18 Ill. App. 3d 602, 610, 310 N.E.2d 179, 186 (1974). Therefore, "the allegation of excessiveness raises no issue cognizable under the Post-Conviction Hearing Act." *People v. Ballinger*, 53 Ill. 2d 388, 390, 292 N.E.2d 400, 401 (1973).

¶ 46       Just as with the previous claims, defendant must explain how postconviction counsel's petition could have been improved. Here, defendant's suggestions are no improvement at all because the claim cannot be improved—it is simply not cognizable under the Act.

¶ 47       Although defendant does point out that postconviction counsel did not argue that appellate counsel was ineffective for failing to raise the excessive sentence issue on appeal, the trial court nonetheless addressed the claim on its merits. That being the case, we do not view postconviction counsel as having erred by remaining silent on this issue.

¶ 48                                 III. CONCLUSION

- 12 -

¶ 49   For the reasons stated, we affirm.

¶ 50   Affirmed.