2024 IL App (1st) 230809-U

FIRST DIVISION
October 7, 2024

No. 1-23-0809

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the |
| Respondent-Appellee, | ) | Circuit Court of |
| | ) | Cook County, Criminal |
| v. | ) ) | Division. |
| DEVIN BRADLEY, | ) | No. 12 CR 15688 |
| | ) | |
| Petitioner-Appellant. | ) | Honorable |
| | ) | Carl Boyd, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Pucinski and Cobbs concurred in the judgment.

**O R D E R**

¶ 1    *Held*: The circuit court's dismissal of the postconviction petition is affirmed where postconviction counsel provided the petitioner with reasonable assistance.

¶ 2    Following a jury trial in the circuit court of Cook County, the petitioner, Devin Bradley, was convicted of first-degree murder and armed robbery and sentenced to 55 years' imprisonment. The petitioner now appeals from the second-stage dismissal of his postconviction petition filed

pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On appeal, the petitioner solely argues that he was denied his right to the reasonable assistance of postconviction counsel because counsel did not seek to withdraw from the representation on the basis that the petition itself was frivolous. For the following reasons, we affirm.

¶ 3                                          I. BACKGROUND

¶ 4      Because the procedural history of this case and the evidence adduced at the petitioner's trial are fully articulated in our decision affirming the petitioner's conviction on direct appeal (*People v. Bradley*, 2018 IL App (1st) 152639-U), we set forth only those facts relevant to the resolution of the issues raised here.

¶ 5      The petitioner's conviction arises from the July 25, 2012, shooting death of the victim, the petitioner's cousin, Oshun Washington. The petitioner was arrested on July 27, 2012, and the State filed a complaint for preliminary examination, alleging that the petitioner had committed first degree murder and armed robbery. A bond hearing was held on July 31, 2012, after which the petitioner was ordered held with no bail. On August 23, 2012, the petitioner was indicted with, *inter alia*, first degree murder and armed robbery. On August 24, 2012, an order was entered indicating that the complaint was superseded by the indictment. The petitioner was arraigned on September 11, 2012, and subsequently proceeded with a jury trial.

¶ 6      Summarized, the evidence adduced at that trial established that after borrowing a gun, the petitioner went to the victim's house accompanied by his girlfriend Lapricea Temple and codefendant Ivory Williams. *Bradley*, 2018 IL App (1st) 152639-U, ¶ 4. While inside, the petitioner shot the victim twice, and then took some firearms, marijuana and jewelry. *Id*. When the petitioner and Temple later returned to her home, the petitioner told her that he had shot the victim twice. *Id*. The petitioner then left the items he had taken from the victim's home at Temple's place.

*Id.* On the following day, over the course of several phone calls, the petitioner instructed Temple's 14-year-old cousin, Joshua Johnson, to dispose of those items. *Id.* Although the petitioner testified that it was codefendant Williams rather than he who fatally shot the victim, the jury convicted the petitioner of first-degree murder. *Id.* The petitioner was subsequently sentenced to 55 years' imprisonment.

¶ 7     On direct appeal, the petitioner argued that the circuit court committed plain error when it failed to properly question an alternate juror, who was eventually placed on the jury, in violation of Illinois Supreme Court Rule 431(b) (Ill. S. Ct. R. 431(b) (eff. July 1, 2012). *Id.* ¶ 25. This appellate court found that even though the circuit court had failed to comply with the requirements of Rule 431(b) when questioning the juror, there was no plain error because the evidence of the petitioner's guilt at trial was not closely balanced. *Id.* ¶¶ 33-34.

¶ 8     On March 6, 2019, the petitioner filed the instant *pro se* postconviction petition alleging that he was denied due process and equal protection when: (1) the circuit court "ordered that he be held to answer without a formal charge or a prompt preliminary hearing" and (2) "the court's order that he be held to answer was voidable." The petitioner acknowledged that neither issue was raised on direct appeal but asserted that the issues were not barred because the failure to raise them stemmed from appellate counsel's incompetency.

¶ 9     On June 14, 2019, the circuit court docketed the *pro se* petition for second stage postconviction proceedings and appointed the Office of the Public Defender to represent the petitioner. On August 16, 2019, postconviction counsel Teena Sneed from that office filed an appearance on the petitioner's behalf. On October 23, 2020, upon Sneed's retirement new postconviction counsel, Shari Gladney, appeared on the petitioner's behalf. After requesting more time to review the *pro se* petition and the record, on January 14, 2024, Gladney filed an amended

3

certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) attesting that she had: (1) consulted with the petitioner personally or by letter to ascertain his contentions of deprivation of constitutional rights; (2) reviewed the record and all relevant transcripts; and (3) examined the *pro se* petition and determined that it adequately presented the petitioner's claims, such that it was unnecessary to amend or supplement it.

¶ 10 On January 21, 2022, the State filed a motion to dismiss. Therein, the State first asserted that the petitioner's claims were waived because they could have been but were not raised on direct appeal. The State further argued that regardless of waiver, the claims were meritless. In this respect, the State noted that in 1975 the Illinois General Assembly had altered the way grand jury indictments were to be used in the charging process of felony cases, making them merely an alternative mode to an information and preliminary hearing. 725 ILCS 5/111-2(a) (West 2000). The State also pointed out that in *People v. Kline*, 92 Ill. 2d 490, 501 (1982) our supreme court had held that an accused who is charged by indictment is not entitled to a preliminary hearing; instead, all that is required is that the accused "be afforded a prompt probable-cause determination of the validity of the charge either at a preliminary hearing or by an indictment by a grand jury." *Id*. at 501. The State, therefore, argued that because in the present case, the petitioner had been arrested and brought before a judge for a bond hearing, which established probable cause to detain him without bail, and the case was indicted by a grand jury, there was no violation of the petitioner's due process rights.

¶ 11 Postconviction counsel did not file a response to the State's motion to dismiss. Instead, on April 21, 2023, the parties proceed with a hearing. Therein, the State reiterated that the petitioner's claims were meritless because under Illinois law initial charges could be brought by either an indictment or a preliminary hearing. In response, postconviction counsel stated that she

4

would "stand on the motion [*sic*] that's been filed." She then argued that the petitioner "believes that his due process and his equal protection rights have been violated. He is seeking to have that sentence reversed, reviewed and discharged."

¶ 12 After hearing these arguments, the circuit court dismissed the petition. The court found that the petitioner's claims were waived because they could have been raised on direct appeal but were not, and that, regardless of waiver, the claims lacked merit under the law. The petitioner now appeals.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, the petitioner solely contends that he was denied his right to reasonable assistance of postconviction counsel in violation of Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we disagree.

¶ 15 At the outset, we note that the Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage process by which a criminal defendant may challenge his conviction based on a substantial denial of his federal or state constitutional rights. See *People v. Cotto*, 2016 IL 119006, ¶ 26; *People v. Tate*, 2012 IL 112214, ¶ 8; *People v. Hodges*, 234 Ill. 2d 1, 9 (2009); *People v. Peeples*, 205 Ill. 2d 480, 509 (2002); *People v. Johnson*, 2017 IL 120310, ¶ 14. At the first stage of the proceedings, within the first 90 days, the circuit court must independently review the petition and determine whether the allegations therein, taken as true, demonstrate a constitutional violation or whether they are frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018); *Cotto*, 2016 IL 119006, ¶ 26; *Tate*, 2012 IL 112214, ¶ 9.

¶ 16 If, as here, the circuit court does not dismiss the petition as frivolous or patently without merit within the first 90 days, the petition automatically advances to the second stage, where it is docketed for additional consideration. 725 ILCS 122-2.1(b) (West 2018); *People v. Brooks*, 221

Ill. 2d 381, 389 (2006). At the second stage, the circuit court will appoint an attorney for the petitioner if he cannot afford one, and the State is entitled to file responsive pleadings. *Id.* §§ 122-2.1(a)(2), (b), 122-4, 122-5; *Cotto*, 2016 IL 119006, ¶ 27; *Tate*, 2012 IL 112214, ¶ 10.

¶ 17 During the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. 725 ILCS 5/122-6 (West 2018); *Tate*, 2012 IL 112214, ¶ 10. In doing so, the court must not engage in fact-finding or credibility determinations but must take as true all well-pleaded facts that are not positively rebutted by the original trial record. *People v. Domagala*, 2013 IL 113688, ¶ 35. If the circuit court determines that the petitioner made a substantial showing of a constitutional violation, the petition proceeds to the third stage for an evidentiary hearing. *Id.* ¶ 34. Conversely, where no substantial showing is made, the petition is dismissed. *Id.* ¶ 35.

¶ 18 The right to counsel in postconviction proceedings is statutory and petitioners are entitled only to a "reasonable" level of assistance. See *People v. Addison*, 2023 IL 127119, ¶ 19; *Cotto*, 2016 IL 119006, ¶¶ 29-30; *People v. Hardin*, 217 Ill. 2d 289, 299 (2005) (appointment of counsel in postconviction proceedings is "a matter of legislative grace" and not a constitutionally guaranteed right). To ensure a reasonable level of assistance, certain duties are prescribed to postconviction counsel by Supreme Court Rule 651(c) (eff. July 1, 2017). *Addison*, 2023 IL 127119, ¶ 20. Under that rule, postconviction counsel must (1) consult with the petitioner (by mail or in person) to ascertain his contentions of constitutional deprivations, (2) examine the record of the trial proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate representation of the petitioner's contentions. *Id.* (quoting Ill. St. Ct. R. 651(c) (eff. July 1, 2017)); *Cotto*, 2016 IL 119006, ¶ 27; *People v. Perkins*, 229 Ill. 2d 34, 42 (2007).

¶ 19 The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction

counsel provided reasonable assistance. *Addison*, 2023 IL 127119, ¶ 21; see also *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Where a certificate is filed, the petitioner bears the burden of overcoming this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by that rule. *Id.* We review whether postconviction counsel provided reasonable assistance *de novo*. *Id.* ¶ 17.

¶ 20    In the present case, it is undisputed that postconviction counsel filed a Rule 651(c) certificate, and that this created a rebuttable presumption that she provided a reasonable level of assistance. See *Addison*, 2023 IL 127119, ¶¶ 20, 21. The question on appeal then is whether the record rebuts that presumption. *Id.*

¶ 21    The petitioner's argument that he was denied reasonable assistance of postconviction counsel rests on an unusual premise. Instead of arguing that counsel failed to properly present a potentially meritorious claim, he contends that the claim raised in his *pro se* petition was frivolous. The petitioner then asserts that because the petition was frivolous, postconviction counsel was ethically bound to withdraw from the representation and her failure to do so denied him his right to reasonable assistance. The petitioner therefore seeks reversal and remand for further second-stage proceedings and the appointment of new postconviction counsel.

¶ 22    It is well-settled that, when confronted with a petition that is entirely frivolous, postconviction counsel may seek leave to withdraw from the representation. *People v. Greer*, 212 Ill. 2d 192, 211 (2004). Moreover, any such request to withdraw must explain why the petitioner's claims lack even arguable merit. *People v. Kuehner*, 2015 IL 117695, ¶ 21. Nonetheless, our appellate courts disagree over the related question of whether if postconviction counsel determines that a petition is entirely frivolous counsel may stand on the frivolous petition rather than seek leave to withdraw. On one hand, several appellate decisions have held that where postconviction

counsel finds that all the claims in the *pro se* petition are frivolous or patently without merit, counsel must seek to withdraw from the representation. See *e.g.*, *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 13; *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36; *People v. Moore*, 2018 IL App (2d) 170120, ¶ 33. On the contrary, other appellate decisions have found that if postconviction counsel finds that all the claims in the petition are frivolous such that the petition cannot be amended to state a nonfrivolous claim, counsel has the option of standing on the *pro se* petition or withdrawing from the representation. See *e.g.*, *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10; *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 22; *People v. Pace*, 386. Ill. App. 3d 1056, 1062 (2008).

¶ 23    On appeal, the parties dispute this issue, with the petitioner urging us to follow the line of cases holding that where postconviction counsel knows that a petition is frivolous, counsel has a duty to withdraw because failure to do so automatically renders counsel's representation unreasonable.

¶ 24    Very recently, and after the petitioner filed his original appellate brief in the instant case, our supreme court addressed this very issue in *People v. Huff,* 2024 IL 128492. While the *Huff* court did not resolve the question upon which our appellate districts are split, its analysis is instructive for resolving this appeal.

¶ 25    In *Huff*, the petitioner filed a *pro se* postconviction petition arguing that because his sentence of natural life imprisonment was premised upon the circuit court's, rather than a jury's, finding that the offense was "exceptionally brutal and heinous," it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id*. ¶ 8. The petitioner further asserted that even though he had unsuccessfully raised this issue on direct appeal, his claim was not barred by the doctrine of *res judicata* because of intervening developments in the law. *Id*. The petitioner further argued that any untimeliness was

excused because his sentence was void. *Id*.

¶ 26 The petition was automatically advanced to the second stage of postconviction proceedings, and counsel was appointed to represent the petitioner. *Id*. ¶ 9. Appointed postconviction counsel did not amend the *pro se* petition, and instead filed a Rule 651(c) certificate. *Id*. When the State filed a motion to dismiss on the basis of *res judicata,* untimeliness and the merits of the *Apprendi* claim, postconviction counsel did not file a response. *Id*. At the subsequent hearing on the State's motion to dismiss, postconviction counsel made no additional arguments and instead rested on the *pro se* petition. *Id*.

¶ 27 After the circuit court dismissed the petition, the petitioner appealed arguing that he had been denied reasonable assistance of postconviction counsel. *Id*. ¶ 10. The petitioner did not attempt to identify any necessary amendments to his *pro se* petition that could have been made to allow the petition to survive dismissal but instead argued that his claim was frivolous. *Id*. The petitioner therefore asserted that because postconviction counsel knew that the claim was meritless, she had acted unreasonably when she failed to either amend the petition or to seek withdrawal from representation if she believed that the "petition could not be cured by an amendment." *Id*.

¶ 28 After we affirmed the dismissal, our supreme court granted the petitioner's request for leave to appeal to decide whether postconviction counsel may permissibly choose to stand on a petition known to be frivolous. *Id*. ¶ 16. Ultimately, however, our supreme court did not reach that question. *Id*. Instead, it held that the record contained "no indication *** that postconviction counsel knew, or even believed, that [the] petitioner's claim was frivolous or patently without merit," which meant that counsel did not have a duty to withdraw. *Id*. ¶ 30.

¶ 29 In coming to this conclusion, our supreme court noted that the *pro se* petition presented the

merits of *Apprendi* claim as well as offered defenses to the relevant procedural bars subsequently argued by the State (namely the petition's untimeliness and the doctrine of *res judicata*). *Id*. The court further noted that contrary to the petitioner's position, counsel's failure to amend the petition and her decision to "rest[] on the allegations in the *pro se* petition, which specifically addressed the grounds for dismissal," were not indicative of counsel's failure to challenge the State's motion to dismiss. *Id*. ¶ 31. The court differentiated counsel's decision to rest on the petition from instances where counsel "confessed to the motion to dismiss or informed the court that [the] petitioner's contentions had no merit." *Id*. Under this record, the court found that there was no suggestion that counsel knew or believed that the petition was frivolous. *Id*. ¶ 30. This, combined with the petitioner's failure to identify any amendments that could have been made to the petition, meant that the record did not rebut the presumption that counsel provided reasonable assistance created by the filing of the Rule 651(c) certificate. *Id*. ¶ 34.

¶ 30    We find *Huff* dispositive. In the present case, just as in *Huff*, there is no indication in the record that postconviction counsel knew that the petitioner's claims were frivolous or patently without merit. Rather, the record supports the opposite conclusion. Just as in *Huff*, the instant *pro se* petition addressed the merits of the petitioner's due process claims and provided a defense to the doctrine of waiver, subsequently raised by the State, by arguing that the failure to raise these claims earlier stemmed from appellate counsel's incompetence. Therefore, counsel's decision to rest on the petition did not amount to a failure to challenge the State's motion to dismiss. *Id*. ¶ 31. What is more, unlike in *Huff*, counsel's representation here went beyond standing on the *pro se* petition. At the hearing on the State's motion to dismiss, postconviction counsel additionally, albeit briefly, reiterated the basis for the petitioner's claims, stating that it was the petitioner's position that "his due process and his equal protection rights have been violated" and that he was "seeking

to have [his conviction and] sentence reversed, reviewed and discharged." This action, however minor, served to help the petitioner present his claims to the court. Postconviction counsel had a professional obligation not to "assist[] *** in needlessly consuming the time and energies of the court" by presenting frivolous claims. *Greer*, 212 Ill. 2d at 207; see also Ill. R. Prof'l Conduct, (2010) R. 3.1 (eff. Jan. 1, 2010). If counsel had believed that the petitioner's claims were frivolous, taking affirmative steps to present them to the court would have violated her basic ethical duties. See *Id.* ¶ 29 ("*Greer* suggests that, if appointed [postconviction] counsel knows that a petitioner's claims were frivolous or patently without merit, then counsel has an ethical duty to withdraw"); The record therefore supports the conclusion that counsel believed that the petitioner's claims were not frivolous.

¶ 31    Under this record, and consistent with *Huff*, we are compelled to conclude that the petitioner has failed to rebut the presumption of reasonable assistance created by the filing of the Rule 651(c) certificate.

¶ 32    The petitioner attempts to distinguish *Huff* by arguing that "nothing in the record remotely suggests" that postconviction counsel "believed that [the petitioner's] claim[s] had merit." The petitioner points out that postconviction counsel's argument at the hearing on the State's motion to dismiss merely reiterated that the petitioner believed that his due process and equal protection rights were violated, not that she did as well. Moreover, the petitioner asserts that his claims were so obviously frivolous that counsel must have known that they had no merit. In this respect, he contends that the State's failure to argue the validity of his claims on appeal amounts to a concession of their frivolity. We disagree.

¶ 33    The petitioner attempts to circumvent the presumption created by the filing of the Rule 651(c) by improperly shifting the burden of proof onto the State. In *Huff*, our supreme court made

clear that where postconviction counsel files a Rule 651(c) certificate creating a presumption of reasonable assistance, the burden falls on the petitioner to show that the record indicates that counsel knew that the petition was frivolous, and not vice versa. *Id.* ¶ 30. As such, once the Rule 651(c) certificate is filed, it is presumed that postconviction counsel believed that the claims in the petition were not frivolous, and it is upon the petitioner to prove that the record indicates otherwise. *Id.* Since the petitioner here does not point to any portion of the record, which affirmatively shows that postconviction counsel knew or even believed that the petitioner's claims lacked merit, he has failed to rebut that presumption.

¶ 34   Accordingly, for the aforementioned reasons, we find that postconviction counsel rendered reasonable assistance and affirm the circuit court's dismissal of the petition.

¶ 35   Affirmed.